[No. 19161.    Department Two.    May 29, 1925.]

## OLD NATIONAL BANK OF SPOKANE, *Respondent*, v. SPOKANE COUNTY et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS (163) — PUBLIC IMPROVEMENTS — CONTRACTS—ASSIGNMENT—ACCEPTANCE. A county is justified in withholding from an assignee of a bridge contract the balance due in addition to the 15% reserve fund for the purpose of paying claims for labor and material, in accordance with Rem. Comp. Stat., §§ 10320 and 10322, where the contract provided for such detention, on receiving notice of claims exceeding such 15%, unless the county accepted the assignment as covering the whole, without asserting its right to retain the balance.

COUNTIES (15)—MUNICIPAL CORPORATIONS (163) — CONTRACTS—POWERS AND FUNCTIONS OF OFFICERS. Where a county bridge contract provided that the balance due the contractor, in addition to the reserve fund of 15% for the purpose of paying claims for labor and material, in accordance with Rem. Comp. Stat., §§ 10320 and 10322, could be withheld on receiving notice of claims exceeding such 15%, the clerk of the board has no authority to accept an assignment of the amount due and waive the right of reservation by agreeing to issue warrants to the assignee for the balance, the county board having no notice thereof or of claims in excess of such 15%.

[1]Reported in 236 Pac. 283.

22—134 WASH.

MUNICIPAL CORPORATIONS (147)—STATUTORY PROVISIONS—RESERVE FUND FOR LIEN CLAIMANTS—POWER TO INCREASE. Rem. Comp. Stat., § 10320, providing a reserve fund of 15% in contracts for public improvements, for the payment of labor and material claims, and that the provisions of the act shall be deemed exclusive and supersede all provisions and regulations in conflict therewith, does not prevent a contract providing that the municipality may retain amounts in excess of such 15% upon receiving written notice of excess labor or material claims.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 7, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*E. J. Farley, Williams & Cornelius* and *Hamblen & Gilbert,* for appellants.

*Wakefield & Witherspoon,* for respondent.

MITCHELL, J.—In March, 1923, C. L. Graves entered into a contract with the county of Spokane for the construction of three bridges. The contract, in all respects necessary in our consideration of the case, was similar to the one involved and discussed in the case of *Pacific Coast Steel Co. v. Old National Bank of Spokane, ante* p. 457, 235 Pac. 947.

For the purpose of financing his undertaking, Graves assigned his rights to payments on the estimates to be made under the contract to the Old National Bank of Spokane, shortly after he entered into the contract. The bank gave the county auditor written notice of the assignment. In the course of the performance of the work, the county made several payments that were received by the bank without any notice on the part of the county that there were any outstanding claims for labor and material. The work was completed and accepted, and the county at that time having written notice of unpaid claims for service and material fur-

nished on the work amounting to more than the fund of fifteen per cent provided for in the contract as required by statute for the protection of laborers and materialmen, claimed the right, under the terms of the contract, to withhold enough, in addition to the fifteen per cent to pay the excess. The Old National Bank of Spokane then brought this suit against the county to recover the balance due above the fifteen per cent. The Fidelity National Bank of Spokane intervened as assignee of a materialman. The judgment of the court was for the plaintiff. The county and the Fidelity National Bank have appealed.

As to the law relating to the right of the county to hold the funds until claims due for labor and material have been paid, under a contract like the one involved in this case, the case of *Pacific Coast Steel Co. v. Old National Bank, supra,* is decisive. That case reviewed all of our decisions, the ones relied on by respective counsel in this case, and formulated rules to ascertain the rights of an assignee of a contractor in the construction of public works. Under the doctrine of that case where, as here, the county specifically reserves by its contract the right to hold an amount necessary above the fifteen per cent to satisfy claims of laborers, mechanics and materialmen, about all that is necessary to further inquire into is the evidence on the question of the acceptance of the assignment made by the contractor in connection with the date of the county's knowledge of unpaid claims of laborers and materialmen. In the present case Graves, the contractor, made a formal written assignment of his rights to payments to the respondent on May 10, 1923. On the next day the respondent mailed the assignment to the county auditor.

On June 15, 1923, the clerk of the board of county commissioners wrote to the bank, "Please be advised

that the county will forward the warrants covering the amounts of these estimates to the Old National Bank. Yours truly, Board of County Commissioners Spokane County, Wn., by O. W. Young, clerk." However, the uncontradicted testimony of O. W. Young was that the matter of the assignment or the notice of it forwarded by the bank was not called to the attention of the board of county commissioners, and that he had no authority from them, or any of them, to write the letter of June 15. He further testified that the letter was never intended as an acceptance of the assignment, but only that the warrants would be forwarded to the bank as a means of paying the contractor, and therefore the form of the warrants that were issued, viz.: The first one to "Old National Bank for C. L. Graves"; the others to "Old National Bank, credit department, for C. L. Graves." As held in the *Pacific Coast Steel Co.,* case, *supra,* the county auditor has no authority to accept an assignment. For that purpose the body having authority to make the contract should be the one which has exclusive authority to accept an assignment. In this case the board of county commissioners took no action with reference to the assignment, nor does it seem to have been called to their attention until the present situation arose, at which time they claimed the right, under the contract, to hold out enough to pay the excess over fifteen per cent due for labor and material furnished on the work. This they had the right to do.

The further contention of the respondent in support of the judgment is that it is entitled to recover under ch. 166, Laws of 1921, p. 657 [Rem. Comp. Stat., § 10320]. The same contention was made by the assignee in the *Pacific Coast Steel Co.,* case, *supra.* It was there decided to the contrary. And upon the

authority of that case it must be held in the present one that this contention of the respondent cannot prevail.

Judgment reversed.

TOLMAN, C. J., FULLERTON, MACKINTOSH and HOLCOMB, JJ., concur.